■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BOBBY THOMAS, Petitioner, v. ROBERT E. BEAM, as Warden of Albany County Penitentiary, Respondent.— Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied upon the ground that there is no basis to depart from traditional orderly procedure by resort to habeas corpus during pendency of an appeal from petitioner's judgment of conviction (*People ex rel. Keitt* v. *McMann,* 18 N Y 2d 257, 262). Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY YATES, Petitioner, v. JOSEPH WASSER, as Sheriff of Sullivan County, Respondent.— Application for writ of habeas corpus pursuant to CPLR 7002 (subd. [b], par. 2) denied. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES WHITE, Petitioner, v. J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent.— Application for writ of habeas corpus pursuant to CPLR 7002 (subd. [b], par. 2) denied as insufficient on its face. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LUGENE THOMAS, Appellant.— Appeal from a judgment of the County Court of Broome County, rendered March 19, 1971, upon a verdict convicting defendant of the crime of burglary in the third degree. In June, 1971 the Public Defender of the County of Broome was assigned as counsel for appellant for purposes of the appeal from his judgment of conviction. By affidavit dated June 6, 1972, filed with this court, the Public Defender stated that he had personally represented appellant on the trial and was familiar with all of the proceedings during trial; that he had carefully reviewed the trial record and had concluded that there was no basis upon which to perfect the appeal. On June 12, 1972 appellant was advised of the Public Defender's position, and he was requested to advise this court if he wished to review the record on appeal. On August 18, 1972 the original record was forwarded to him. On September 29, 1972 he was advised that he should file a statement of his contentions on or before October 16, 1972 as his appeal had been scheduled for the term of the court commencing November 13, 1972. Appellant has filed no statement or brief as to his contentions and, by letter dated October 15, 1972, indicated he no longer wishes to appeal. The record on appeal has been reviewed, and we find that there is no basis for a reversal of the conviction. Judgment affirmed. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.